UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XINYI LI, *et al.*, | ) |
|                Plaintiffs, | ) No. 22 CV 7081 |
| v. | ) Magistrate Judge Young B. Kim |
| FOREFRONT EB-5 FUND (HCR) LLC, JEFFREY L. LAYTIN, and JASON WEI DING, | ) |
|                Defendants. | ) September 4, 2024 |

**MEMORANDUM OPINION and ORDER**

In this case, 24 Chinese investors accuse Defendants Jeffrey L. Laytin and Jason Wei Ding of cheating them out of more than $13 million in investment funds that were supposed to have been used for developing a resort in Hawaii. Before the court are Plaintiffs' motion for sanctions and Defendants' motion for reciprocal obligations. For the following reasons, both motions are granted in part and denied in part:

**Procedural History**

Overseas Plaintiffs filed their complaint in December 2022, (R. 1, Compl.), but Defendants did not answer until June 13, 2024, because of delays occasioned by a failed arbitration, multiple motions for extensions and stay of proceedings, and two amendments to the complaint. Once Defendants filed their answer, the matter was referred to this court on June 14, 2024, for discovery supervision. (R. 57.) At the status hearing held on June 25, 2024, the court ordered the parties to exchange

Rule 26(a)(1) disclosures by July 12, 2024, among other things. (R. 59.) On July 15, 2024, Plaintiffs moved for sanctions under Rule 26(g)(3) and requested an order compelling Defendants to supplement their Rule 26(a)(1) disclosures and to pay $2,500 in attorney fees. (R. 60 at 8.) In response, Defendants filed their own motion seeking identical relief—requesting an order compelling Plaintiffs to supplement their initial disclosures, (R. 66).

## Analysis

Under Federal Rule of Civil Procedure 26(a)(1), litigants must disclose certain categories of information without being asked by the opposing side to produce them. These categories include:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). The rule makes clear on its face that the disclosing party has discretion to disclose the required categories of information based on information the party has and believes to be relevant and useful in the case. Under

2

subsection (i), litigants must provide names of individuals they believe to have "discoverable information," their known contact information, and a summary of the information each individual has. The opposing side (the receiving party) has no say in which individuals must be disclosed. Under subsection (ii), litigants must describe the documents they may use "to support their claims or defenses" and where these documents are located unless a copy of the documents are produced. And under subsections (iii) and (iv), litigants must disclose their damage calculations and any insurance policies applicable to the case.

Rule 26(g)(1) requires these initial disclosures to "be signed by at least one attorney of record in the attorney's own name—or by the party personally, if" proceeding *pro se*. Fed. R. Civ. P. 26(g)(1). The disclosures "must state the signer's address, e-mail address, and telephone number." *Id.* A signed disclosure "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry[, the] disclosure . . . is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1), (g)(1)(A). If this certification turns out to be false, "without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both," in accordance with Rule 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3). As such, if an attorney's certification is inadequate, the court has wide latitude on how to remedy the situation.

3

A.      **Plaintiffs' Motion**

In their motion, Plaintiffs accuse Defendants' attorney Daniel Hildebrand of violating Rule 26(g)(1) because Defendants failed to provide contact information for certain individuals, including Individual Defendants, and failed to produce a copy of "any documents whatsoever," or indicate where certain documents are located. (R. 60, Pls.' Mot. at 6.)  Having reviewed Defendants' initial disclosures served on Plaintiffs on July 12, 2024, (R. 60-2), and their July 16, 2024 amended disclosures, (R. 62-2), the court agrees with Plaintiffs that Defendants' subsection (i) disclosure is inadequate but finds that Defendants' subsection (ii) disclosure is sufficient.

1.      **Subsection (i) Disclosure**

Defendants' disclosure is inadequate because Defendants identified classes of individuals instead of specific individuals by their names and known contact information.  For identifying Plaintiffs, there is no problem with merely describing them as Plaintiffs for obvious reasons.  However, Defendants failed to identify the specific individuals included in the classes of "Non-party investors," "Project Vendors and Service Providers," and "TD Bank."  (See R. 60-2.)  As pointed out, the disclosure requirement under subsection (i) is plain and simple and must include names of individuals the disclosing party believes to have "discoverable information," their known contact information, and a summary of the information each individual possesses.  But when describing "Non-party investors," "Project Vendors and Service Providers," and "TD Bank" in their disclosure, Defendants did not identify any individual by name, contact information, or a summary of the

4

information they possess. And merely stating that "Defendants will provide the last known contact information," (R. 60-2 at 1), is not good enough because the deadline for providing this information was July 12, 2024. There is no excuse for Defendants failing to include the names of individuals and their last known contact information at the time they served the initial disclosure on July 12, 2024.

Further, Defendants' amended disclosure, prepared and served in response to Plaintiffs' motion, is also inadequate for two reasons. First, it does not cure the flaw the court points out here. Second, it includes the names and contact information for those individuals Plaintiffs identified in their motion even though Defendants do not believe them to have any discoverable information. Plaintiffs cannot dictate to Defendants who Defendants believe to have discoverable information. Of course, pursuant to Rule 26(e), litigants may timely supplement their initial disclosures and other discovery productions if they are deemed to be incomplete.

### 2. Subsection (ii) Disclosure

Defendants' disclosure is adequate. Contrary to Plaintiffs' arguments in their motion, Defendants are not required to produce a copy of any document under this subsection. Also, Plaintiffs do not have any right under this subsection to dictate to Defendants which documents must be described. A review of the initial and amended disclosures shows that Defendants described the categories of documents they plan to use in this case and indicated who possesses the documents described or that a copy of the documents have been produced.

5

For the foregoing reasons, the motion is granted to the extent that Defendants must serve a second amended initial disclosure amending their subsection (i) disclosure by naming each individual likely to have discoverable information, including each individual's known contact information, and a summary of the information each individual has. If the names of the individuals and their contact information are not known, Defendants may not include any other description of those individuals. Instead, Defendants must supplement their disclosure in a timely manner when such information becomes known through discovery. The court declines to grant any other relief in connection with Plaintiffs' motion because it is not granted *in toto* and because the court grants Defendants' motion to compel in part.

**B.    Defendants' Motion**

In response to Plaintiffs' motion to compel, Defendants filed their "you too" motion and complain that if they are deemed to have violated Rule 26(a)(1), Plaintiffs likewise violated the rule—and if Defendants' attorney Daniel Hildebrand is deemed to have violated Rule 26(g)(1), Plaintiffs' attorney Douglas Litowitz also violated the rule. The court agrees. Having reviewed Plaintiffs' initial disclosures, (R. 60-1), the court grants the motion in part and orders Plaintiffs to amend their subsection (i) disclosure and only include individuals by their names, known contact information, and a summary of their discoverable information. As explained, subsection (i) requires the disclosure of "individuals," not general descriptions of individuals (e.g., "Nonparty members of CBH") or names of entities (e.g., Coconut

6

Beach/Hawaii LLC, Kelcop, LP). As for Plaintiffs' contact information, there is no need for such information because the reason for such information is to reach out to them for discovery. But because Plaintiffs are represented by an attorney, Defendants may contact the attorney for their deposition testimony and for other discoverable information. The court recognizes that Defendants Laytin and Ding disclosed their contact information (see R. 62-2) in response to Plaintiffs' motion, but they did so voluntarily, not because the court ordered them to do so.

## Conclusion

For the foregoing reasons, the parties' cross motions are granted to the extent that both sides must amend their initial disclosures as ordered herein.

        **ENTER:**

        _____
        **Young B. Kim**
        **United States Magistrate Judge**